UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUSSEIN DIAB SAAB,

            Plaintiff/Counter-Defendant,        Case Number 21-12291
v.                                                                Honorable David M. Lawson

METROPOLITAN LIFE INSURANCE
COMPANY,

            Defendant/Counter-Claimant.
_____/

## ORDER GRANTING MOTION TO STRIKE

This matter is before the Court on the defendant's motion to strike the plaintiff's jury demand. The plaintiff did not respond to the defendant's motion and did not file a jury demand within 14 days of the last pleading in this case. The plaintiff therefore has waived his right to a jury trial. The Court will grant the defendant's unopposed motion.

Rule 38(b) of the Federal Rules of Civil Procedure requires that a jury demand be made within 14 days after service of pleadings raising an issue triable by a jury. A party who fails to properly file and serve a timely jury demand waives a jury trial. Fed. R. Civ. P. 38(d); *Irvin v. Airco Carbide*, 837 F.2d 724, 727 (6th Cir. 1987).

The last pleading filed in this action was the plaintiff's answer to the defendant's counterclaim, which the plaintiff filed on October 15, 2021. ECF No. 7. The plaintiff did not make a jury demand in that answer, however, nor did he include a jury demand in any of his other pleadings. Instead, he filed a jury demand on November 24, 2021, roughly a month after the 14-day deadline for making a jury demand had expired. ECF No. 16. Although the plaintiff filed amended answers in the intervening period, his amended pleadings did not reset the clock because they did not introduce any new issues or facts. *Irvin*, 837 F.2d at 727. To the contrary, the plaintiff

merely changed some of his responses to admit, deny, or state that he lacks knowledge of certain allegations made by the defendants. *See* ECF No. 11. The plaintiff therefore waived his right to a jury trial by failing to timely file a jury demand. Fed. R. Civ. P. 38(d).

In some cases, "notwithstanding the failure of a party to demand a jury in an action in which demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any and all issues." *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 207 (6th Cir. 1990) (citing Fed. R. Civ. P. 39(b)). However, the plaintiff has not filed a motion to cure his waiver of a jury trial. Nor has the plaintiff responded to the defendant's motion that the Court strike the plaintiff's jury demand. The plaintiff's untimely jury demand properly may be stricken by the Court. *Dombrowski v. United States*, 524 F. Supp. 3d 723, 727 (E.D. Mich. 2021) ("A party objecting to a trial by jury can move to strike the opposing party's jury demand." (citing *Stone v. Kirk*, 8 F.3d 1079, 1090-91 (6th Cir. 1993)).

Accordingly, it is **ORDERED** that the defendant's unopposed motion to strike the plaintiff's jury demand (ECF No. 17) is **GRANTED**.

It is further ordered that the plaintiff's jury demand (ECF No. 16) is **STRICKEN**. The trial of the issues will be by the Court sitting without a jury.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   February 14, 2022