UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUSSEIN DIAB SAAB,  
           Plaintiff,  
v.  

METROPOLITAN LIFE  
INSURANCE COMPANY,  
           Defendant.  
_____/

Case No.: 21-12291

David M. Lawson  
United States District Judge

Curtis Ivy, Jr.  
United States Magistrate Judge

## ORDER GRANTING MOTION TO COMPEL (ECF No. 22)

Plaintiff Hussein Diab Saab's breach of contract lawsuit was removed to this Court on September 29, 2021. (ECF No. 1). Following a telephonic scheduling conference, the Court entered a scheduling order in November 2021. On March 8, 2022, Defendant moved to compel Plaintiff to respond to discovery requests. (ECF No. 22). Defendant states that it served Plaintiff with its second set of interrogatories and first request for production of documents on December 10, 2021. As of the date of the motion, however, Plaintiff had provided no responses. The undersigned set the matter for hearing to be held April 8, 2022. Plaintiff did not file a response to the motion to compel, nor did he seek an extension of the time to do so or for a stay of discovery.

Also pending is Plaintiff's counsel's motion to withdraw. Counsel asserts there has been a breakdown in communication between him and his client. (ECF

No. 21). Because Plaintiff did not file a response brief to the motion to compel, the undersigned held a telephonic status conference with the attorneys of record on April 5, 2022. No issues were resolved.

The Federal Rules of Civil Procedure require parties to respond to discovery requests (either with substantive responses or proper objections). *See* Fed. R. Civ. P. 33(b), 34(b)(2). The failure to timely respond can result in sanctions under Fed. R. Civ. P. 37. Despite the breakdown in communication between Plaintiff and his counsel, the fact remains the Plaintiff has an obligation to engage in the discovery process and to timely respond to discovery requests. The undersigned is aware the circumstances here may change after resolution of the motion to withdraw as counsel. Even so, as (1) counsel did not seek a stay of discovery on behalf of the Plaintiff he still represents, (2) did not file a response to the motion to compel indicating the communication issue with his client, (3) discovery responses are well-past due, and (4) Defendant is thus well within its right to move for an order compelling responses, the motion to compel is **GRANTED**. Plaintiff must serve responses to the discovery requests **within 21 days** of this Order.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

2

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 5, 2022
             s/Curtis Ivy, Jr.
             Curtis Ivy, Jr.
             United States Magistrate Judge